IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SAMANTHA D. RAJAPAKSE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-00188 |
| | ) | |
| CLARENCE H. CARTER,[1] | ) | JUDGE CAMPBELL |
| Commissioner of Tennessee Department | ) | |
| of Human Services, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Samantha Rajapakse, an East Ridge, Tennessee resident proceeding pro se, filed a Complaint against the State of Tennessee Department of Human Services (DHS) and its Commissioner, Clarence H. Carter, in his official capacity as head of both the DHS and its subsidiary division, the Tennessee Disability Determination Services. (Doc. No. 1.) Plaintiff also file an application for leave to proceed in forma pauperis (IFP). (Doc. No. 2.)

### I. PAUPER STATUS

Plaintiff's IFP application reports no employment or income after a job loss on August 28, 2023 (Doc. No. 2 at 2), and no assets other than a 2005 Hyundai Santa Fe. (*Id.* at 3.) Though Plaintiff apparently resides in a home, she reports no rent or mortgage obligations or utility bills, but states that her son and daughter help care for her due to her "rare skin condition." (*Id.* at 4–5.) Construed in Plaintiff's favor, these disclosures support an inference that her children provide her housing. In addition, the Complaint alleges Plaintiff's pursuit of disability benefits and vocational rehabilitation. The Court thus finds that Plaintiff cannot pay the $405 civil filing fee "without

---

[1] Mr. Carter's name is misspelled "Clearance" in the caption of the Complaint, and therefore on the electronic docket of this case. The Clerk **SHALL** correct this misspelling on the docket.

undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the IFP application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

## II. INITIAL REVIEW

### A. Legal Standard

Under the pauper statute, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial review and dismiss the Complaint if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). To avoid dismissal for failure to state a claim, the Complaint must contain sufficient factual allegations to render a right to relief "plausible on its face," *Small v. Brock*, 963 F.3d 539, 540 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010)

At this stage, "the Court assumes the truth of 'well-pleaded factual allegations' and 'reasonable inference[s]' therefrom," *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (quoting *Iqbal*, 556 U.S. at 678–79), but is "not required to accept legal conclusions or unwarranted factual inferences as true." *Inner City Contracting, LLC v. Charter Twp. of Northville, Michigan*, 87 F.4th 743, 749 (6th Cir. 2023) (citation omitted). The Court must afford the pro se Complaint a liberal construction, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), while viewing it in the light most favorable to Plaintiff. *Inner City*, *supra*.

**B. Facts**

Plaintiff, "an African-American over the age of 40 with a known disability," sues the DHS and Commissioner Carter in his official capacity for violating her civil rights. (*See* Doc. No. 1 at 2 (asserting federal-question jurisdiction under "28 U.S.C. § 1343; Civil Rights").) She was terminated from her employment with the DHS on August 28, 2023, after requesting accommodations under the Americans with Disabilities Act and reporting her concerns about how claims for Supplemental Nutrition Assistance Program (SNAP) benefits were being handled. Plaintiff filed a charge of disability discrimination with the Equal Employment Opportunity Commission (EEOC), and that agency returned a determination of reasonable cause to believe that Plaintiff's termination was unlawful.

The EEOC investigation resulted in a proposed "Conciliation Agreement" on agency letterhead (Doc. No. 1-1 at 2–7), which, if executed by the parties, would memorialize their negotiated settlement (financial and otherwise) of the discrimination charge. Prior to the publication of the Conciliation Agreement to Plaintiff and the DHS, Plaintiff had filed claims to unemployment benefits and Social Security disability benefits. Her unemployment claim was delayed by a different DHS division, and she objected in writing when her federal disability claim was assigned for initial medical review by the DHS disability department. (Doc. No. 1 at 14–15.) Plaintiff's unemployment claim was eventually approved, but her disability claim was denied. (*Id.*)

There were delays in approving and executing the Conciliation Agreement at the appropriate levels of state government, and despite the EEOC's representation that the process would be expected to take 30–45 days, the November 2024 Agreement had not been approved at the time of the Complaint's February 2025 filing. (Doc. No. 1 at 16.) The Office of the Tennessee Attorney General declined to provide Plaintiff with an update on the progress of the Agreement's

3

approval, but "later contacted the EEOC, stating the conciliation agreement would be an additional several months before it could be closed if it is approved." (*Id.* at 18.) In light of this delay, "the Plaintiff requests she [be allowed to] seek relief through the court," and asks that the Conciliation Agreement be voided and that the Court award her monetary damages, reinstatement to state employment for purposes of medical insurance, and expungement of all negative remarks from her personnel file. (*Id.* at 18–19, 20–22.)

In a Motion to Supplement Complaint (Doc. No. 11), Plaintiff alleges that, "[i]n March 2025, after repeated requests to the state to provide a date for the conciliation to be finalized, the EEOC, Phil Bornfield, contacted [Plaintiff], informing her that the state could not provide [a date]." (*Id.* at 12.) The remainder of the Motion to Supplement concerns (1) Plaintiff's failed bid for Social Security disability benefits, which were denied at the initial level of review by DHS, allegedly "because it will further show she was terminated due to her disability" (*id.* at 19); and (2) Plaintiff's pursuit of vocational rehabilitation services through July 2025, during which a state contractor, Access Project, initially coordinated a job search and informed Plaintiff of other state resources before later encouraging Plaintiff to withdraw from the program due to her concurrent claim for federal disability benefits. (*Id.* at 19–23.) Plaintiff claims that these incidents demonstrate the ways in which DHS has continued to retaliate against her for her initial charge of workplace discrimination and retaliation. (*Id.* at 24–25.)

**C. Analysis**

The Court construes the Complaint and Supplement[2] to assert federal claims of discrimination and retaliation under the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C.

---

[2] "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). Plaintiff's Motion to Supplement Complaint is proper under Rule 15(d) and will be granted.

§§ 12101 *et seq.*, 12203, with regard to (1) Plaintiff's termination from DHS and DHS's delay in executing the proposed Conciliation Agreement, and (2) DHS's denial of her disability claim and interference with her participation in vocational rehabilitation.

The EEOC's process for enforcing Title VII's provisions—which applies equally to its enforcement of the ADA's provisions, *see* 42 U.S.C. § 12117(a)—has been described by the Sixth Circuit as follows:

> Upon receipt of a charge, the EEOC investigates its allegations. The EEOC has exclusive jurisdiction over the subject matter of the charge for 180 days. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 456 (6th Cir. 1999); 42 U.S.C. § 2000e-5(f)(l). The EEOC will issue the complaining employee a right-to-sue letter if the agency makes one of the following four determinations: (1) where the EEOC determines that "there is not reasonable cause to believe that an unlawful employment practice has occurred," (2) where the EEOC determines that a violation has occurred, and that the employer refuses to enter into a conciliation agreement, and the EEOC decides not to pursue a civil action against the employer, (3) where the EEOC has entered into a conciliation agreement but the complaining employee has not entered into the conciliation agreement, or (4) where the charge is dismissed. 29 C.F.R. §§ 1601.19(a), 1601.28(b). Once the EEOC issues a right-to-sue letter, the employee has ninety days to sue the employer. 42 U.S.C. § 2000e-5(f)(1).

*Logan v. MGM Grand Detroit Casino*, 939 F.3d 824, 828 (6th Cir. 2019). Where, as here, the respondent "is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court." 42 U.S.C. § 2000e-5(f)(1); *see* 29 C.F.R. § 1601.29. If no civil action is brought by the Attorney General within 180 days of the charge filing, the Attorney General "shall so notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge . . . by the person claiming to be aggrieved." 42 U.S.C. § 2000e-5(f)(1).

5

It is not apparent from Plaintiff's pleadings that EEOC proceedings have terminated, or that she has requested or received a right-to-sue letter from the EEOC or an equivalent notice from the Attorney General. At this early stage, Plaintiff's allegations are sufficient to support a reasonable inference that she was terminated by the DHS for reasons that included her disability, her protected complaints, and/or her requests for ADA accommodations. *See Diggs v. Potter*, 700 F. Supp. 2d 20, 39–40 (D.D.C. 2010) ("Under Title VII [and related anti-discrimination statutes], the two essential elements of a discrimination claim are that (i) the plaintiff suffered an adverse employment action (ii) because of the plaintiff's race, sex, age, or disability. … To prove retaliation under these statutes, the plaintiff generally must establish that he suffered (i) a materially adverse action (ii) because he or she had brought or threatened to bring a discrimination claim."). For purposes of initial review, her allegations are also sufficient to support her claim that the DHS's retaliation extended to its denial of her claim to be disabled for purposes of Social Security benefits and its handling of her vocational rehabilitation, and that she is therefore entitled to damages. *See Kostic v. United Parcel Serv., Inc.*, 532 F. Supp. 3d 513, 542 (M.D. Tenn. 2021) (holding that, "in the retaliation context, an employer's materially adverse action need not be an employment action (as opposed to an action post-dating employment or otherwise unrelated to employment)[,]" so "the evidence of Defendant's post-employment activity . . . can be considered as part of the alleged retaliation by Defendant"). These claims will be allowed to proceed for further development of the record, including clarification of the status of enforcement proceedings before the EEOC and/or the Attorney General since the filing of the Complaint and Supplement.

## III. CONCLUSION

As explained above, Plaintiff's case is sufficiently pled to survive initial review. Her Motion to Supplement Complaint (Doc. No. 11), which also seeks "to expedite proceedings" and to be awarded "partial summary judgment" (*id.* at 1), is **GRANTED** insofar as it seeks to supplement the Complaint and otherwise **DENIED** given the early stage of these proceedings.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons (AO 440) and USM 285 form) for each defendant. Plaintiff **MUST** complete the service packet(s) and return them to the Clerk's Office within **30 DAYS** of the entry of this Order. Failure to do so may result in the dismissal of this case. Upon return of any properly completed service packet, the Clerk is **DIRECTED** to issue summons to the U.S. Marshals Service for service on the defendant. Fed. R. Civ. P. 4(b) and (c)(3).

This action is **REFERRED** to the Magistrate Judge to oversee service of process, to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Plaintiff is cautioned that she must keep the Court informed of her current address at all times, or risk dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b); Local Rule 41.01(b). Additional resources for pro se litigants, including forms, handbooks, and information sheets, are available on the court's website. *See* https://www.tnmd.uscourts.gov/representing-yourself-federal-court.

It is so **ORDERED**.

WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE